UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>             Plaintiff,<br><br>     v.<br><br>DHORLEEN NARCELA, et al.,<br><br>             Defendant. | Case No.: 1:14-cv-01037-SAB (PC)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 8] |

Plaintiff Archie Cranford is a civil detainee proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act.  Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

Plaintiff filed the initial complaint on July 2, 2014.  On September 24, 2014, the Court dismissed Plaintiff's complaint with leave to amend.  Plaintiff filed an amended complaint on October 10, 2014, which is currently before the Court for screening pursuant to 28 U.S.C. § 1915.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1  "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks
2  monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).
3       A complaint must contain "a short and plain statement of the claim showing that the pleader is
4  entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but
5  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
6  do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly,
7  550 U.S. 544, 555 (2007)).  Plaintiff must demonstrate that each named defendant personally
8  participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County,
9  Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).
10      Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings
11 liberally construed and to have any doubt resolved in their favor, but the pleading standard is now
12 higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive
13 screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow
14 the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal,
15 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer
16 possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely
17 consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556
18 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

21      Plaintiff's amended complaint asserts several unrelated incidents which occurred from June to
22 August 2014, including medical treatment and use of physical force.  For instance, on the first two
23 pages of the first amended complaint, Plaintiff states:

> On 6/26/14 durring the noon meal (LUNCH) plaintiff had scallding hot split pea soup
> deliberately poorn in his lap and as soon as plaintiffs houseing unit had been made fully
> awaire of the matter the nurseing staff was made fully awaire of plaintiffs burns and the
> tipe of bearns and the physical action of the burns (scallding hot split pea soup acts
> percissley like hot frying grease it sticks to plaintiff regardus of what he was warring
> the medical staff was fully awaire of the precise nature of plaintiff injury due to the pdc
> staff called the houseing unit and reported the injury to the houseing unit medical staff
> so they could treat the plaintiff apon his arrival to the houseing unit upon plaintiffs

> arrivial to the entereance of the houseing door was locked thus the defeandeant and componeny denied plaintiff prompent and professheant medical care this is the first matter of plaintiff being denied medical treatment in its compleateness there was the time when plaintiff was haveing rill bad chest paines RE: SR #10199461 (DATE) 8/17/14 then there is the matter of being assalted by several outher patients and the plaintiff was not given prompt medical care in fact it was quite some time before plaintiff receved medical care by the unit doctor in stead of the unit nurse (defeandeant) as you are fully awaire by now there are several asspects that are related to this admeaned complaint that are very clouseley related to the point that each is the very same each is the same each has the same ending which is eather none or delibeartly delayed medical care each defeandeant delibeartley failed to reander prompt and profesional medical care in the vearries meathheads as is stated in the administrative reameines.

(ECF No. 8, pp. 1-2) (unedited text). Plaintiff goes on to allege and attach several exhibits involving unrelated incidents and individuals.

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). As an initial matter, Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North Amercia, 623 F.3d 1371, 1375 (9th Cir. 1980). Plaintiff is advised that the fact that certain claims arise out of his medical treatment does not make them related. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff's amended complaint violates Rule 18 as he has alleged unrelated incidents, against multiple individuals, that occurred on different dates. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order.

In addition, Plaintiff is advised that a complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Federal Rule of Civil Procedure 8(d)(1). A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of

circumstances." Federal Rule of Civil Procedure 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Federal Rule of Civil Procedure 10(b). The function of the complaint is not to list every single fact relating to Plaintiff's claims. If Plaintiff wishes to amend his complaint, he must set forth his claims in a simple, concise, and direct manner in order to meet the requirements of Rule 8.

In the paragraphs that follow, the Court will provide Plaintiff with the applicable legal standards that appear to apply to his claims. Plaintiff should carefully review the standards and amended only those claims that he believes, in good faith, are cognizable.

## III.

## DISCUSSION

### A. Medical Treatment

As a civil detainee, Plaintiff is entitled to treatment more considerate than that afforded pretrial detainees or convicted criminals. Jones v. Blanas, 393 F.3d 918, 931-32 (9th Cir. 2004). Plaintiff's right to constitutionally adequate conditions of confinement is protected by the substantive component of the Due Process Clause. Youngberg v. Romeo, 457 U.S. 307, 315, 102 S.Ct. 2452 (1982).

A determination whether Plaintiff's rights were violated requires "balancing of his liberty interests against the relevant state interests." Youngberg, 457 U.S. at 321. Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," but the Constitution requires only that courts ensure that professional judgment was exercised. Youngberg, 457 U.S. at 321-22. A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 322-23; compare Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243-44 (9th Cir. 2010) (rejecting the Youngberg standard and applying the deliberate indifference standard to a pretrial detainee's right to medical care, and noting that pretrial detainees, who are confined to ensure presence at trial, are not similarly situated to those civilly committed). The professional judgment standard is an objective standard and it equates "to that required in ordinary tort cases for a finding of

conscious indifference amounting to gross negligence." Ammons v. Washington Dep't of Soc. & Health Servs., 648 F.3d 1020, 1029 (9th Cir. 2011), cert. denied, 132 S.Ct. 2379 (2012) (citations and internal quotation marks omitted).

Here, Plaintiff's allegations fail to state a claim under this standard for his medical care. Plaintiff merely alleges that unidentified "nursing staff" were aware of his need for medical treatment and failed to provide such treatment. Plaintiff's allegations are so vague that the Court cannot determine the exact nature of the circumstances leading to the alleged constitutional violation. More specifically, Plaintiff does not indicate what each defendant did or did not do that violated his constitutional rights. Plaintiff's conclusory statements are not sufficient to state a claim. Plaintiff will be given leave to amend his complaint to cure these deficiencies.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are

waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff an amended civil rights amended complaint form;

2. Plaintiff's first amended complaint, filed October 10, 2014, is dismissed for failure to state a claim;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **October 30, 2014**

UNITED STATES MAGISTRATE JUDGE