UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>              Plaintiff,<br><br>       v.<br><br>DHORLEEN NARCELA, et al.,<br><br>              Defendant. | Case No.: 1:14-cv-01037-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A COGNIZABLE CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>[ECF No. 12] |

Plaintiff Archie Cranford is a civil detainee proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

On October 31, 2014, the Court dismissed Plaintiff's first amended complaint with leave to amend for failure to state a cognizable claim for relief, and Plaintiff was granted thirty days to file a second amended complaint. (ECF No. 9.) After the thirty day time period passed and Plaintiff failed to file an amended complaint, the undersigned issued a Findings and Recommendation to dismiss the action on December 31, 2014. (ECF No. 11.) The Findings and Recommendation was served on Plaintiff and contained notice that objections were to be filed within thirty days. (Id.)

On January 26, 2015, Plaintiff filed a notice to the Court, in which he elaborates on the claims previously set forth in his complaint. The attached proof of service references the notice as an

1

"amended complaint." Accordingly, in an order issued concurrently herewith, the Court has vacated the Findings and Recommendation issued December 31, 2014, and construed Plaintiff's notice filed January 26, 2015, as his second amended complaint, which is presently before the Court for screening pursuant to 28 U.S.C. § 1915.[1]

# I.

## SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the complaint for sufficiency to state a claim. The Court must dismiss a complaint or portion thereof if it determines that the action has raised claims that are legally "frivolous or malicious," "fails to state a claim upon which relief may be granted," or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that … the action or appeal … fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-394 (1989).

# II.

## COMPLAINT ALLEGATIONS

In the caption of the second amended complaint, Plaintiff identifies Dharleen Narceda as the sole Defendant.

On January 13, 2015, extremely hot split pea soup was spilled in Plaintiff's lap by another person causing severe burns to Plaintiff. After some difficulty locating the Defendant, she failed to treat Plaintiff's "burns within the limits of her training u[sing] the skills that she obtained in her training." Five days passed before Defendant looked at Plaintiff's burns in person and when

---

[1] In both prior screening orders, the Court advised Plaintiff that "an amended complaint supersedes the original, [citations] and must be "complete in itself without reference to the prior or superseded pleading." (ECF Nos. 7 & 9.)

Defendant did attempt to treat Plaintiff's injuries, she allowed another patient to enter the exam room further denying medical care and violating medical privacy.

## III.

## DISCUSSION

### A.  Medical Treatment

As a civil detainee, Plaintiff is entitled to treatment more considerate than that afforded pretrial detainees or convicted criminals.  Jones v. Blanas, 393 F.3d 918, 931-32 (9th Cir. 2004).  Plaintiff's right to constitutionally adequate conditions of confinement is protected by the substantive component of the Due Process Clause.  Youngberg v. Romeo, 457 U.S. 307, 315, 102 S.Ct. 2452 (1982).

A determination whether Plaintiff's rights were violated requires "balancing of his liberty interests against the relevant state interests."  Youngberg, 457 U.S. at 321.  Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," but the Constitution requires only that courts ensure that professional judgment was exercised.  Youngberg, 457 U.S. at 321-22.  A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment."  Id. at 322-23; compare Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243-44 (9th Cir. 2010) (rejecting the Youngberg standard and applying the deliberate indifference standard to a pretrial detainee's right to medical care, and noting that pretrial detainees, who are confined to ensure presence at trial, are not similarly situated to those civilly committed).  The professional judgment standard is an objective standard and it equates "to that required in ordinary tort cases for a finding of conscious indifference amounting to gross negligence."  Ammons v. Washington Dep't of Soc. & Health Servs., 648 F.3d 1020, 1029 (9th Cir. 2011), cert. denied, 132 S.Ct. 2379 (2012) (citations and internal quotation marks omitted).

Here, Plaintiff's allegations fail to state a claim under this standard for his medical care. Plaintiff merely alleges that Defendant Narceda failed to treat his burns for five days.   Plaintiff's allegations are so vague that it cannot support the conclusion that Defendant Narceda's behavior was

3

professional unacceptable.  Based on Plaintiff's allegations, Defendant Narceda provided Plaintiff treatment and nothing in the complaint indicates that the Defendant acted with conscious disregard.  Plaintiff's conclusory statements are not sufficient to state a claim and further leave to amend is not warranted.

### B. Violation of Right to Medical Privacy

As a civil detainee, Plaintiff is entitled to treatment more considerate than that afforded pretrial detainees or convicted criminals.  Jones v. Blanas, 393 F.3d 918, 931-32 (9th Cir. 2004).  Plaintiff's right to constitutionally adequate conditions of confinement is protected by the substantive component of the Due Process Clause.  Youngberg v. Romeo, 457 U.S. 307, 315, 102 S.Ct. 2452 (1982).

A determination whether Plaintiff's rights were violated requires "balancing of his liberty interests against the relevant state interests."  Youngberg, 457 U.S. at 321.  Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," but the Constitution requires only that courts ensure that professional judgment was exercised.  Youngberg, 457 U.S. at 321-22.  A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment."  Id. at 322-23; compare Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243-44 (9th Cir. 2010) (rejecting the Youngberg standard and applying the deliberate indifference standard to a pretrial detainee's right to medical care, and noting that pretrial detainees, who are confined to ensure presence at trial, are not similarly situated to those civilly committed).  The professional judgment standard is an objective standard and it equates "to that required in ordinary tort cases for a finding of conscious indifference amounting to gross negligence."  Ammons v. Washington Dep't of Soc. & Health Servs., 648 F.3d 1020, 1029 (9th Cir. 2011), cert. denied, 132 S.Ct. 2379 (2012) (citations and internal quotation marks omitted).

The Ninth Circuit has recognized a constitutionally protected interest in avoiding disclosure of personal matters, including medical information.  See, e.g., Nelson v. Nat'l Aeronautics & Space Admin., 530 F.3d 865, 877 (9th Cir. 2008), rev'd on other grounds and remanded, __ U.S. __, 131

S.Ct. 746, 178 L.Ed.2d 667 (U.S. 2011) ("Information relating to medical treatment and psychological counseling fall squarely within the domain protected by the constitutional right to informational privacy.") (citations omitted); Tucson Woman's Clinic v. Eden, 379 F.3d 531, 551 (9th Cir. 2004) ("Individuals have a constitutionally protected interest in avoiding 'disclosure of personal matters,' including medical information.") (quoting Whalen v. Roe, 429 U.S. 589, 599 (1977)); Norman-Bloodsaw v. Lawrence Berkeley Lab., 135 F.3d 1260, 1269 (9th Cir. 1998) ("The constitutionally protected privacy interest in avoiding disclosure of personal matters clearly encompasses medical information and its confidentiality."); Doe v. Attorney Gen. of U.S., 941 F.2d 780, 795 (9th Cir. 1991), overruled on other grounds by Lane v. Pena, 518 U.S. 187, 191 (1996) (holding that "medical information was encompassed within the … privacy interest related to disclosure of personal matters.").

Assuming a right of privacy, Plaintiff has alleged no intentional conduct. It is well established that negligent conduct is ordinarily not enough to state a claim alleging a denial of liberty or property under the Fourteenth Amendment. See Daniels v. Williams, 474 U.S. 327, 330 (1986); Davidson v. Cannon, 474 U.S. 344, 347 (1986) ("[T]he Due Process Clause of the Fourteenth Amendment is not implicated by the lack of due care of an official causing unintended injury to life, liberty, or property. In other words, where a government official is merely negligent in causing the injury, no procedure for compensation is constitutionally required.").

In this instance, Plaintiff has alleged nothing more than negligent conduct. Plaintiff's allegations present nothing more than that another patient entered the medical room during treatment in violation of his right to privacy. Plaintiff has not alleged, must less demonstrated, deliberate conduct on the part of Defendant Nurse Dhorleen Narcela. Indeed, there is no factual allegation as to what, if any, medical information was disclosed by Nurse Narcela to the outside patient.

### C. Leave to Amend

Plaintiff was previously notified of the deficiencies in his claims and was given leave to amend on two prior occasions. Yet, even after amendment, Plaintiff has presented the same deficiencies as previously dismissed and based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v.

1 | Carlson, 809 F.2d 1446, 1448-1449 (9th Cir. 2011); see also DCD Programs, Ltd. V. Leighton, 833
2 | F.2d 183, 188 (9th Cir. 1987)  (leave to amend may be denied where the proposed amendment "merely
3 | restates the same facts using different language, or reasserts a claim previously determined.") (quoting
4 | Wakeen v. Hoffman House, Inc., 724 F.2d 1238, 1244 (7th Cir. 1983).

## IV.

## RECOMMENDATIONS

Based on the foregoing, the Court finds that Plaintiff fails to state any claims upon which relief may be granted under section 1983.  Given the nature of Plaintiff's deficiencies at issue in light of the previous screening orders, further leave to amend will not be granted.  Askhtar v. Mesa, 698 F.3d 1202, 1212-1213 (9th Cir. 2012); Lopez, 203 F.3d at 1130-1131; Noll, 809 F.2d at 1448-1449.

Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED, with prejudice, for failure to state a claim under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 23, 2015**

UNITED STATES MAGISTRATE JUDGE